UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AMANDA OLIVER,

          Plaintiff,

    v.

COUNTRYWIDE HOME LOANS, INC.;
RECONTRUST COMPANY, N.A.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. and
DOES 1-50, inclusive,

          Defendants.

NO. CIV. S-09-1381 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on defendants Countrywide Home Loans, Inc., ReconTrust Company, N.A. and Mortgage Electronic Registration System, Inc.'s ("defendants") motion to dismiss plaintiff Amanda Oliver's ("plaintiff") first amended complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6) and motion to strike pursuant to Fed. R. Civ. P. 12(f).[1] By this action, plaintiff seeks to forestall foreclosure of the property located

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

1 at 1954 Norfolk Drive, Lodi, California 95242.  To that end, she
2 filed on March 27, 2009 a complaint against defendants
3 Countrywide Home Loans, Inc. ("CHL"), the servicer of plaintiff's
4 loan, ReconTrust Company, N.A. ("ReconTrust"), the trustee under
5 plaintiff's Deed of Trust, and Mortgage Electronic Registration
6 Systems, Inc. ("MERS"), the beneficiary under plaintiff's Deed of
7 Trust, alleging claims under federal lending statutes as well as
8 state law causes of action.  In response, defendants removed the
9 case to this court on the basis of federal question jurisdiction.
10 (Not. of Removal, filed May 18, 2009).

11     Thereafter, defendants moved to dismiss plaintiff's
12 complaint on June 17, 2009 (Docket #7).  Plaintiff responded by
13 filing a first amended complaint, thereby mooting the motion to
14 dismiss.  (Docket #s 8-9.)  Defendants now move to dismiss
15 plaintiff's FAC, arguing that said complaint, though deleting
16 three claims for relief from the original complaint, is
17 nevertheless devoid of any factual allegations to support
18 plaintiff's eight claims for: (1) violation of the Truth in
19 Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (2) violation of
20 the California Rosenthal Fair Debt Collection Practices Act
21 ("RFDCPA"), Cal. Civ. Code § 1788-1788.33; (3) breach of
22 contract; (4) breach of the covenant of good faith and fair
23 dealing; (5) wrongful foreclosure; (6) breach of fiduciary duty;
24 (7) violation of California Business and Professions Code § 17200
25 *et seq.*; and (8) breach of statutory duties.

26     Indeed, plaintiff's FAC fails to allege any of the essential
27 terms of plaintiff's Note or Deed of Trust or the disclosures she
28 was allegedly given by defendants.  Plaintiff does not attach any

2

loan documents or disclosure statements to her complaint.  The only facts alleged, pertinent to the foreclosure proceedings, are that CHL is the servicer of plaintiff's loan and plaintiff is in default.  (FAC, ¶s 28, 30.)  Plaintiff, however, does not make clear what loan is even at issue.

Only through defendants' Request for Judicial Notice, filed in support of the instant motion, are the following facts established:  The loan giving rise to the subject foreclosure proceedings originated on February 28, 2003 by Capitol Commerce Mortgage Co., not CHL.  Plaintiff later entered into a home equity loan transaction with CHL in April 2006.  Plaintiff ceased making payments on both loans as of September 15, 2008. (Defs.' RJN ["RJN"], filed Aug. 5, 2009, Ex. A.)

Plaintiff's Note on the February 2003 loan is a traditional fixed-rate mortgage.  (Id.)  On that loan, plaintiff executed a Deed of Trust on March 13, 2003, which was recorded in the San Joaquin County Recorder's Office on March 19, 2003.  (RJN, Ex. B.)  On February 13, 2003, prior to the loan's consummation, plaintiff executed and acknowledged receipt of the statutorily required TILA Disclosure Statement, setting forth the annual percentage rate and finance charges as well as the total, amount and schedule of payments for her fixed rate loan.  (RJN, Ex. C.) Plaintiff also executed and acknowledged receipt, on March 13, 2003, of her notice of right to cancel the loan.  (RJN, Ex. D.)

After plaintiff defaulted on her loan, ReconTrust, as agent for the beneficiary MERS, executed and recorded a Notice of Default on February 6 and 18, 2009.  (RJN, Ex. E.)  As of February 6, 2009, plaintiff was $6,657.25 in arrears.  (Id.)  To

3

date, plaintiff has not cured this default and as a result, a Notice of Trustee's Sale was executed and recorded by ReconTrust on May 19 and 22, 2009.[2] (RJN, Ex. F.)  Aside from plaintiff's conclusory assertion that defendants, collectively, issued a "notice of Trustee's sale that was not in compliance with California law" (FAC, ¶ 60), there is otherwise no allegation in the FAC that plaintiff is in foreclosure.

In response to defendants' motion to dismiss, describing the deficiencies in plaintiff's pleading and establishing the above facts in a thorough and detailed, 16-page memorandum of points and authorities, plaintiff filed a 4-page opposition, containing *no* substantive response whatsoever to defendants' arguments (Docket #13).  There are only three citations to case law or statute, all of which are inapposite to the issues.  Largely, plaintiff responds to defendants' arguments by stating simply: "[She] believes she has pled facts sufficient to support [each of her] cause[s] of action.  If the court believes further facts are required, [she] will amend her complaint to state such facts."[3] (Opp'n, filed Sept. 13, 2009, at 3:1-2.)  Such a response is tantamount to no response at all, and the court could properly construe plaintiff's response as a non-opposition to defendants' motion.

---

[2] It is noteworthy that despite these facts, CHL has unilaterally taken steps to temporarily postpone foreclosure. In May 2009, through its attorneys, CHL wrote to plaintiff to explore a potential loan workout. To date, however, plaintiff has not responded. (Defs.' Mem. of P. & A., filed Aug. 5, 2009, at 1 n. 1.)

[3] Although, plaintiff does not describe what facts she would allege in any amended pleading nor argue why leave to amend should be given.

4

1     Nevertheless, the court has fully reviewed plaintiff's FAC
2 and the arguments made by defendants on this motion, and it finds
3 several, clear bases to GRANT defendants' motion.  In light of
4 the lack of a substantive opposition to the motion, the court
5 describes its findings only briefly.

6     First, while the court must accept the facts alleged in the
7 FAC as true, it is not required to accept conclusory statements
8 of fact or legal conclusions as true.  W. Mining Council v. Watt,
9 643 F.2d 618, 624 (9th Cir. 1981).

> While a complaint attacked by a Rule 12(b)(6) motion
> to dismiss does not need detailed factual allegations,
> a plaintiff's obligation to provide the "grounds" of his
> "entitlement to relief" requires more than labels and
> conclusions, and a formulaic recitation of the elements
> will not do.  Factual allegations must be enough to
> raise a right to relief above the speculative level.

Buick v. World Sav. Bank., 565 F. Supp. 2d 1152, 1156 (E.D. Cal. 2008) (internal citations omitted).  As the United States Supreme Court recently recognized in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), ultimately, a plaintiff must allege "more than unadorned, the-defendant-unlawfully-harmed-me-accusation[s]."  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Here, plaintiff's FAC is nothing more than precisely those types of allegations, and thus, her complaint is properly dismissed on that basis alone.

However, the court also finds that plaintiff's claims are properly dismissed as barred by the applicable statute of

1 limitations and/or on other clear legal grounds.[4]  Plaintiff
2 executed the subject Note on February 28, 2003.  She filed the
3 instant action on March 27, 2009, well beyond the statute of
4 limitations for some of her claims.  15 U.S.C. § 1601(e)
5 (providing a one year statute of limitations from the date loan
6 documents were signed for TILA statutory violations and Home
7 Ownership and Equity Protection Act ["HOEPA"] claims);[5] Meyer v.
8 Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003)
9 (discussing one year statute of limitations for TILA claims);
10 Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699,
11 703-04 (9th Cir. 1986) (discussing the three year statute of
12 limitation for rescission claims under TILA);[6] Cal. Bus. & Prof.
13 Code § 17208 (providing a four-year statute of limitations for
14 claims for unfair business practices).  Thus, plaintiff's TILA,
15 HOEPA and California Business and Professions Code claims are
16 obviously barred by the applicable statute of limitations.

---

[4]  In light of plaintiff's complete failure to substantively respond to defendants' motion, the court does not set forth all of the alternative bases for granting defendants' motion.  For example, plaintiff's TILA claim is clearly barred by the statute of limitations but it is also not legally cognizable because plaintiff fails to allege a violation of any specific statutory provision; generic allegations of a statutory violation, unsupported by facts, are insufficient to support a claim of a TILA violation.  See e.g., Marks v. Chicoine, No. C 06-06806 SI, 2007 WL 160992, *7 (N.D. Cal. Jan. 18, 2007).  Thus, while there are other bases to dismiss plaintiff's TILA claim as well as plaintiff's other claims for relief, the court need not discuss each of those bases herein, as the bases discussed above provide adequate grounds to grant defendants' motion.

[5]  HOEPA was enacted as an amendment to TILA; claims under HOEPA are governed by TILA's one-year statute of limitations.  15 U.S.C. § 1640(e).

[6]  Thus, even plaintiff's TILA rescission claim is barred as any such claim should have been filed by March 27, *2006*.

Plaintiff's other claims also fail on clear legal grounds: (1) plaintiff's claim under RFDCPA fails, as a matter of law, because "foreclosure does not constitute debt collection under the RFDCPA" (Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008)); (2) plaintiff's breach of contract claim cannot stand because as established by the Note and Deed of Trust, neither CHL, MERS nor ReconTrust entered into a contract with plaintiff, let alone a contract with variable monthly payments, as alleged by plaintiff (RJN, Ex. A, B); moreover, plaintiff admits she is in default and does not allege any breach of the Note or Deed of Trust by CHL or any other defendant; (3) because plaintiff's breach of contract claim fails, her claim for breach of the implied covenant of good faith and fair dealing must also fail (Smith v. San Francisco, 225 Cal. App. 3d 38, 49 (1990) (recognizing that the "prerequisite for any action for breach of covenant of good faith and fair dealing is the existence of a contractual relationship between the parties")); (4) plaintiff's claim for wrongful foreclosure fails, as a matter of law, because California law does not require production of the original note to proceed with a non-judicial foreclosure (Alvara v. Aurora Loan Servs., Case No. C-09-1512 SC, 2009 WL 1689640, *6 (N.D. Cal. June 16, 2009) ("Under California law, a trustee need not possess a note in order to initiate foreclosure under a deed of trust."); (5) plaintiff's claim for breach of fiduciary duty is not cognizable because it is well settled that "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature" (Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1093 n. 1 (1991)); and (6)

plaintiff's claim for breach of statutory duties pursuant to the Emergency Economic Stabilization Act of 2008 fails because there is no private right of action under said statute (Publ. L. No. 110-343, § 119).[7]

Therefore, for all of the above reasons, defendants' motion to dismiss plaintiff's FAC is GRANTED, *with prejudice*. There are no grounds to permit plaintiff further leave to amend. Plaintiff has had one opportunity to amend; after having the benefit of defendants' motion to dismiss her original complaint, plaintiff filed her FAC. In responding to defendants' instant motion, plaintiff simply states she "can amend her complaint" if the court finds it deficient, but she fails to describe any additional facts she would allege to sustain any claims against defendants. Indeed, she does not discuss in any respect why the court should permit her further leave to amend. Furthermore, as set forth above, the court finds that amendment would be futile considering the legal baselessness of plaintiff's claims, and thus, dismissal without leave to amend is appropriate. Vasquez v. L.A. County, 487 F.3d 1246, 1258 (9th Cir. 2007).

The Clerk of the Court is directed to close this file.

IT IS SO ORDERED.

DATED: September 29, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[7] Because the court dismisses plaintiff's FAC in its entirety, it is unnecessary to consider defendants' alternative motion to strike.

8